**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 20-4605**

UNITED STATES OF AMERICA,

          Plaintiff - Appellee,

    v.

LATWON JAMES, a/k/a Birdie Bird,

          Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Wilmington.  James C. Dever III, District Judge.  (7:13-cr-00012-D-1)

Submitted:  October 25, 2021                  Decided:  November 2, 2021

Before NIEMEYER and HARRIS, Circuit Judges, and SHEDD, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Paul K. Sun, Jr., Kelly Margolis Dagger, ELLIS & WINTERS LLP, Raleigh, North Carolina, for Appellant.  G. Norman Acker, III, Acting United States Attorney, Jennifer P. May-Parker, Assistant United States Attorney, Joshua L. Rogers, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Latwon James pled guilty, pursuant to a plea agreement, to multiple drug-trafficking offenses, and the district court sentenced him to 264 months' imprisonment. Due to this new criminal conduct, the court also revoked James' supervised release and sentenced him to a consecutive term of 24 months' imprisonment. James appeals his revocation sentence, arguing that the district court failed to adequately explain its reasons for running the sentence consecutively to the sentence for his new criminal conduct.[1] We affirm.

"A district court has broad discretion when imposing a sentence upon revocation of supervised release. [We] will affirm a revocation sentence if it is within the statutory maximum and is not plainly unreasonable." *United States v. Patterson*, 957 F.3d 426, 436 (4th Cir. 2020). Before deciding "whether a revocation sentence is plainly unreasonable, [we] must . . . determine whether the sentence is procedurally or substantively unreasonable," *id.*, evaluating "the same procedural and substantive considerations that guide our review of original sentences" but taking "a more deferential appellate posture than we do when reviewing original sentences," *United States v. Padgett*, 788 F.3d 370, 373 (4th Cir. 2015) (alteration and internal quotation marks omitted). "Only if a sentence is either procedurally or substantively unreasonable is a determination then made as to whether the sentence is plainly unreasonable—that is, whether the unreasonableness is clear or obvious." *Patterson*, 957 F.3d at 437 (internal quotation marks omitted).

---

[1] We previously dismissed James' appeal of the sentence for his new criminal conduct based on the appellate waiver in his plea agreement.

"A revocation sentence is procedurally reasonable if the district court adequately explains the chosen sentence after considering the Sentencing Guidelines' nonbinding Chapter Seven policy statements and the applicable 18 U.S.C. § 3553(a) factors." *United States v. Coston*, 964 F.3d 289, 297 (4th Cir. 2020) (internal quotation marks omitted), *cert. denied*, 141 S. Ct. 1252 (2021); *see* 18 U.S.C. § 3583(e) (listing applicable factors). "[A]lthough the court need not be as detailed or specific when imposing a revocation sentence as it must be when imposing a post-conviction sentence, it still must provide a statement of reasons for the sentence imposed." *United States v. Slappy*, 872 F.3d 202, 208 (4th Cir. 2017) (alteration and internal quotation marks omitted). Accordingly, the court "must address the parties' nonfrivolous arguments in favor of a particular sentence, and if the court rejects those arguments, it must explain why in a detailed-enough manner that [we] can meaningfully consider the procedural reasonableness of the revocation sentence." *Id.* An explanation is sufficient if we can determine "that the sentencing court considered the applicable sentencing factors with regard to the particular defendant before it and also considered any potentially meritorious arguments raised by the parties with regard to sentencing." *United States v. Gibbs*, 897 F.3d 199, 204 (4th Cir. 2018) (alterations and internal quotation marks omitted).

We "may not guess at the district court's rationale, searching the record for statements by the Government or defense counsel or for any other clues that might explain a sentence." *United States v. Ross*, 912 F.3d 740, 745 (4th Cir. 2019) (internal quotation marks omitted). Nor can we "assume that a sentencing court truly considered a defendant's nonfrivolous arguments or his individual characteristics when the record fails to make it

3

patently obvious." *United States v. Blue*, 877 F.3d 513, 521 (4th Cir. 2017) (internal quotation marks omitted). But "[t]he context surrounding a district court's explanation may imbue it with enough content for us to evaluate both whether the court considered the § 3553(a) factors and whether it did so properly." *United States v. Montes-Pineda*, 445 F.3d 375, 381 (4th Cir. 2006).

Here, the district court properly focused on James' breach of trust when imposing his revocation sentence. *See* U.S. Sentencing Guidelines Manual ch. 7, pt. A(3)(b), p.s. ("[A]t revocation the court should sanction primarily the defendant's breach of trust, while taking into account, to a limited degree, the seriousness of the underlying violation and the criminal history of the violator."). The court also addressed the few arguments that counsel raised during the revocation portion of the hearing and, after doing so, explained that imposing a concurrent revocation sentence would not "recognize the egregious nature of the breach of trust, the prolonged nature of the breach of trust, [and] the constant deception that took place during the breach of trust." (J.A. 126).[2]

But James argues that this was not enough because the court did not separately analyze the § 3553(a) factors during its explanation of his revocation sentence. James is correct that the court did not repeat its extensive analysis of the § 3553(a) factors when imposing his revocation sentence, but "we do not evaluate a court's sentencing statements in a vacuum." *Montes-Pineda*, 445 F.3d at 381.

---

[2] J.A. refers to the joint appendix filed by the parties in this appeal.

Apart from James' breach of trust, it is clear that the court ordered the revocation sentence to run consecutively to the sentence for his new criminal conduct because of the need to deter James from engaging in criminal conduct and to deter others from engaging in criminal conduct after receiving leniency. *See* 18 U.S.C. § 3553(a)(2)(B). It is also apparent that the court was troubled by James' callousness—placing his community in danger in the pursuit of money—and by his reckless and destructive behavior—possessing a firearm in connection with the offenses and committing domestic violence. *See* 18 U.S.C. § 3553(a)(1). In that vein, the court emphasized on multiple occasions the need to protect society from James, who was distributing large quantities of drugs that were causing death and destruction in his community. *See* 18 U.S.C. § 3553(a)(2)(C). The court further addressed James' admitted drug problem by recommending intensive substance abuse treatment during his incarceration. *See* 18 U.S.C. § 3553(a)(2)(D).

Importantly, the district court acknowledged counsel's arguments in mitigation and engaged extensively with counsel during the hearing. And, contrary to James' assertion on appeal that the court did not adequately consider his argument that the risk of recidivism decreases with age, the court acknowledged the statistics but explained that James was an outlier given that he showed no signs of slowing down and, in fact, had ramped up his drug trafficking.

While the district court did not repeat its analysis of the § 3553(a) factors when imposing James' revocation sentence, the court's reasons for running the sentence consecutively to the sentence for his new criminal conduct are abundantly clear in this case.

Accordingly, we conclude that James' revocation sentence is not procedurally unreasonable, let alone plainly so, and affirm the district court's judgment.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*